UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON, | CASE NO. 1:11-cv–00592-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| GOODRICH, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

I.   **Screening Requirement**

Plaintiff Charles Johnson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed March 30, 2011.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at Salinas Valley State Prison. Plaintiff alleges that on April 12, 2009, while housed at Kern Valley State Prison, he informed Defendant Goodrich that he had painful stomach cramps and his bowel movement contained an excessive amount of blood. Defendant Goodrich had Plaintiff walk to another area to complete a medical request form, and then left the building without providing treatment. (Compl. 3, ECF No.1.) Plaintiff was transported to Mercy Medical Center on April 12, 2009, and admitted with bleeding hemorrhoids. (Id. at 19-20.) Plaintiff brings this action against Defendants Goodrich and the Chief Medical Officer ("CMO") for deliberate indifference to his medical needs and negligence under state law seeking declaratory relief and monetary damages. (Id. at 2-4.)

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## III. Discussion

### A. Deliberate Indifference

Plaintiff has failed to show that any named defendant exhibited deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Assuming that Plaintiff's stomach cramps and rectal bleeding constituted a serious medical need that could "result in further significant injury or the 'unnecessary and wanton infliction of pain," Jett, 439 F.3d at 1096, Defendant Goodrich's conduct did not rise to the level of deliberate indifference.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff states that after informing Defendant Goodrich of his medical problem, Defendant Goodrich had him walk to another building to fill out a form. To the extent that Plaintiff claims making him walk constituted deliberate indifference, there are no facts alleged to show that Plaintiff's medical need was so serious that he was at a risk of harm by walking to get medical attention. Defendant Goodrich went with Plaintiff to the building and did not leave until after Plaintiff had filed out the request for treatment. Based on the facts contained in Plaintiff's complaint, Defendant Goodrich did not fail to adequately respond to Plaintiff's medical need. Simmons, 609 F.3d 1018.

To the extent that Plaintiff claims delay by Defendant Goodrich in failing to provide immediate treatment was deliberate indifference, a delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Here, Plaintiff was transported to Mercy Medical Center and admitted the same day he informed Defendant Goodrich of his medical need. Plaintiff has failed to show that he suffered any substantial harm due to any delay in treatment.

### B. Supervisory Liability

Although Plaintiff names the CMO as a defendant in this action, the complaint is devoid of

any factual allegations regarding the CMO. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C. State Law Claims

Plaintiff also alleges a claim for negligence under California law. The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120. If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.

### 1. Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the

---

[1] 2The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009).

**D.   Declaratory Relief**

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendant Goodrich violated Plaintiff's rights is unnecessary.

**IV.   Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 30, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 13, 2012**          /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE