**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON, | CASE NO. 1:11-cv–00592-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| GOODRICH, et al., | (ECF No. 22) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

## I. Procedural History

Plaintiff Charles Johnson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 30, 2011. (ECF No. 1.) On April 15, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 5.) The complaint was dismissed, with leave to amend, on March 14, 2012. (ECF No. 13.) On April 26, 2012, Plaintiff's first amended complaint was dismissed, with leave to amend, for failure to state a claim. (ECF No. 18.) Currently before the Court is the second amended complaint, filed June 14, 2012. (ECF No. 22.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**III.   Second Amended Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Los Angeles. Plaintiff alleges that on April 12, 2009, while housed at Kern Valley State Prison, he informed the D-1 Building floor officer that he was having stomach pain and blood was discharging from his rectum. (Sec. Am. Compl. 2, ECF No. 22.) About five minutes later, Defendant Goodrich arrived and Plaintiff informed her that while he was defecating he discharged blood from his rectum. (Id. at 2-3.) Defendant Goodrich had Plaintiff walk over to D-4 Building to fill out a medical request form. When Plaintiff returned to his housing unit,

2

1 Defendant Goodrich informed Plaintiff that he would be scheduled to see a doctor soon. Plaintiff
2 told Defendant Goodrich that he was in pain and wanted to see a doctor, but Defendant Goodrich
3 ignored him and left. (Id. at 3.)
4       Later that same day, Plaintiff informed the D-1 Building floor officer that he needed to see
5 a nurse. Nurse Frank responded and Plaintiff was placed in the prison infirmary. (Id.) On April 13,
6 2009, Plaintiff was transferred to Cental California Mercy hospital for treatment. (Id. at 4.) Plaintiff
7 alleges that Defendant Goodrich deprived him of this rights under the Eighth and Fourteenth
8 Amendments and is seeking declaratory judgment and monetary damages. (Id. at 5.)

## IV.    Discussion

### A.    Eighth Amendment

Plaintiff alleges that Defendant Goodrich was deliberately indifferent in violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." Wilhelm v. Rotman, __ F.3d __, 2012 WL 1889786 *6 (9 th Cir. 2012) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

3

Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1060 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. **Objective Element**

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Plaintiff fails to identify his medical condition, and merely states that he had bled while defecating and had pain. Since Plaintiff was later admitted to the prison medical clinic and transferred to the hospital, for pleading purposes, the Court will find that Plaintiff had a serious medical need.

### 2. **Subjective Element**

Plaintiff must also show that Defendant Goodrich acted with deliberate indifference. A complete denial of medical care is not required to show deliberate indifference, Lopez, 203 F.3d at 1132, and prisoners must be able to make their medical needs known to staff who are competent to deal the problem, Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated in part on other grounds by* Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).

In order to be deliberately indifferent Defendant Goodrich must have been aware of facts from which she could make an inference that "a substantial risk of serious harm exists" and she must have made the inference. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. While Plaintiff may have had a serious medical need, the information he provided to Defendant Goodrich was that he had discharged blood when defecating and had pain. Defendant Goodrich instructed Plaintiff to fill out a medical request form and informed him that he would see a doctor soon. Based upon the limited information Plaintiff provided to Defendant Goodrich, she did not fail to appropriately respond to

his complaints by having him complete a medical request form and letting him know that he would see the doctor soon. In this instance, Plaintiff fails to allege facts to state a plausible claim that Defendant Goodrich was aware of his serious medical need and failed to respond.

Additionally, Plaintiff was seen by a another nurse later in the day, and admitted to the medical clinic the same day. Plaintiff has failed to set forth factual allegations to show that any delay in receiving treatment caused substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Plaintiff fails to state a cognizable claim that Defendant Goodrich acted with deliberate indifference.

### B. Fourteenth Amendment

Plaintiff also alleges that the failure to provide medical care by Defendant Goodrich violated his rights to due process under the Fourteenth Amendment. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

## V. Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez, 203 F.3d at 1130 (internal citations omitted). However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds

5

1  that the deficiencies outlined above are not capable of being cured by amendment, and therefore
2  further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809
3  F.2d 1446, 1448-49 (9th Cir. 1987).
4       Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is
5  HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief
6  may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is
7  subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, No. 08-
8  15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).
9      IT IS SO ORDERED.
10  **Dated:   June 21, 2012**            **/s/ Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE